MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: jbarnier@macbarlaw.com

Attorneys for Trustee
TIMOTHY W. HOFFMAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re )
) Case No. 09-12470
KAREN V. KAYNE, aka ) (Chapter 7)
KAREN K. MITCHELL )
) **MOTION FOR SANCTIONS**
) **AGAINST DEBTOR'S COUNSEL**
Debtor. ) **PER 11 U.S.C. § 707(b)(4)(C)and (D),**
) **BANKRUPTCY RULE 9011, AND**
**N.D. CAL. CIV. R. 11-6**

The Motion of Timothy W. Hoffman Trustee in Bankruptcy of the Estate of Karen V. Kayne (Kayne), respectively represents:

### **JURISDICTION AND VENUE**

1. On August 3, 2009, the debtor Karen V. Kayne, aka Karen K. Mitchell filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court. Gregory Orton, Esq. represented the debtor. Thereafter, Plaintiff Timothy W. Hoffman was duly appointed as the Chapter 7 Trustee in Bankruptcy. This case was declared a no-asset case on September 9, 2009 and closed on December 7, 2009. The case was ordered re-opened on February 9, 2010 after the Trustee was informed that the debtor had actively concealed a valuable asset of the estate.

2. This Court has subject matter jurisdiction over this contested matter pursuant to the provisions of 11 USC §§ 105, 329, 707 and 28 USC §§ 1334(b) and 157. Venue is proper here pursuant to the provisions of 28 USC § 1409.

3. This matter is a "core proceeding" as defined by 28 USC §157(b)(2)(A) and (O).

## FACTUAL BACKGROUND

4. The debtor Kayne, and her attorney, Gregory Orton (Orton), entered into a conspiracy to defraud the bankruptcy trustee as will be demonstrated below.

5. Prior to the filing of her bankruptcy petition, the debtor met with Orton to seek his assistance on collecting on a settlement that the debtor had obtained in a state court collection action based on a promissory note. At Kayne's 2004 Examination, she swore that she and Orton had discussed the monies owed on the note and she had given Orton a binder of well-organized documents which included the settlement agreement. (Declaration of Jean Barnier, Exhibit 1, page 27, line 17 through page 28, line 6.) Kayne was owed approximately $68,000 when she met Orton and was receiving $1,250 every month in payments according to the terms of the settlement agreement.

6. The monthly payments Kayne was receiving in the amount of $1,250 were not listed on Schedule I. On the Statement of Affairs, Kayne had listed a lawsuit as "action on promissory note" in which Kayne was the plaintiff in response to Question 4, but $47,500 in payments she received on the note during 2009 were not listed in response to Question 2. Nor was the promissory note listed on Schedule B. According to Kayne's sworn testimony, Orton informed her that all she had to disclose on the bankruptcy filing was the court case, and it was up to the trustee to investigate the matter to learn the details even though Orton (1) knew the value of the promissory note and (2) knew that Kayne was receiving monthly payments per the settlement agreement. (Declaration of Jean Barnier, Exhibit 1, page 37, line 17 through 23.)

///

1  7. At the First Meeting of Creditors on September 3, 2009, the Trustee questioned
2  the debtor about the lawsuit. The debtor's answers were deliberately evasive. She testified that it
3  was a Nevada corporation, not an individual, that owed the funds to her, and that the
4  corporation's primary asset was a building which had been lost in foreclosure. She finally
5  admitted that she was receiving payments of $1,250 a month. The debtor testified that the
6  payments on the settlement would satisfy the note by December of 2009 and there was about
7  $7,000 remaining in payments to fully satisfy the obligation.[1] Orton made no attempt to correct
8  that statement though he knew it was a false statement. During the hearing, Orton told the
9  Trustee that the promissory note was not listed because he believed it was "essentially
10 uncollectible " and Kayne confirmed that statement by her silence even though she was receiving
11 timely payments on the promissory note. (Declaration of Jean Barnier, Exhibit 2, page 7, line 3
12 through page 9, line 20).

13  8. The Trustee pointed out to Orton that $7,000 could be exempted since the debtor
14 had not exhausted her exemptions. Orton agreed. The Trustee suggested to debtor's counsel that
15 the schedules should be amended to reflect the promissory note and its remaining value. Mr.
16 Orton concurred but never filed an amendment. (Declaration of Jean Barnier, Exhibit 2, page 9,
17 line 15 through page 10, line 14.) The Trustee declared the case a no-asset on September 9, 2009
18 and the case was closed on December 7, 2009.

19  9. Approximately one week after the bankruptcy case closed, Kayne, acting as a pro
20 per, filed an action in Sonoma County Superior Court SCV 241886 to enforce a settlement and
21 obtain an Entry of Judgment against Ed Haury in the amount of $61,250.00 based on the
22 promissory note. Although she filed as a pro per, Kayne paid Orton $500.00 to draft the Motion
23 and Notice, according to Kayne. (Declaration of Jean Barnier, Exhibit 1, page 45, line 17

---

[1] The Trustee notes that the figure of $7,000, that Ms. Kayne falsely stated was what she was still owed on the settlement, matched exactly how much Ms. Kayne had remaining as to her "wild card exemptions."

through page 47, line 13.) The Notice and Motion were served on Haury by Orton's office. (Declaration of Jean Barnier, Exhibit 3.)

10. The Trustee learned of the true value of the promissory note when he was contacted by an attorney in late December representing Ed Haury, the defendant in the state court action who told the Trustee Kayne had filed a motion to enforce the settlement. The attorney for the debtor wanted to know if Ms. Kayne's bankruptcy was still in effect and that his client wanted to make arrangements to satisfy the remaining $61,500 obligation. (See Declaration of Timothy W. Hoffman.)

11. The debtor never signed her Voluntary Petition, Schedules, or Statement of Financial Affairs according to her sworn testimony. *(Declaration of Jean Barnier, Exhibit 1, page 17, line 7 through page 18, line 3.)*

## **RELIEF REQUESTED**

The Trustee requests the following relief:

A. The amount of $1,400 paid Orton for his services;

B. The amount of $6,250 for property of the estate converted by Kayne, based on Orton's advice to hide the asset from the Trustee;

C. Discipline as to be determined by this Court to insure that Orton understands his professional legal obligations in filing a bankruptcy case; and

D. Reimbursement of the Trustee for costs in prosecuting this § 707(b) motion for violation of Rule 9011 in the amount of $8,710.50. (See Declaration of Jean Barnier).

///

///

///

///

# ARGUMENT

### A. A Signature of an Attorney Verifies the Filing – 11 U.S.C. § 707(b)(4)(C) and Rule 9011

In 2005, Congress added new language into 11 U.S.C. § 707 to require all attorneys in bankruptcy courts to perform a reasonable investigation before any action is filed, mirroring the language in Bankruptcy Rule 9011.

> The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has —
> (I) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and
> (ii) determined that the petition, pleading or written motion—
> (I) is well grounded in fact;

Orton signed the petition as the attorney of record signifying that he had performed a reasonable investigation and that the petition was correct to the best of his knowledge.

Orton deliberately chose not to list the promissory note or the payments the debtor was receiving on the schedules even though he was acutely aware of the value of the promissory note and the payment, according to the testimony of Kayne. Orton's signature on the petition verified the accuracy of the information which the Trustee relied on to make his informed opinion on the value of the assets in the case.

### B. A Signature of an Attorney Certifies that an Attorney Has No Information that Schedules Are Incorrect – 11 U.S.C. § 707(b)(4)(D)

11 U.S.C. § 707(D) continues on to add that an attorney's signature on a petition means that an attorney has no knowledge that the schedules are incorrect and states:

> The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect.

Orton knew that the schedules were incorrect at the time of filing because the debtor had told him (1) the value of the promissory note and (2) that she was receiving timely payments from the payor of the note. Furthermore, Orton collaborated with the debtor when she stated under penalty of perjury that the promissory note was worth $7,000 when he knew that the

statement was false.  Even if Orton had forgotten the true value of the promissory note (a dubious claim at best), a review of the note, once the Trustee brought it to his attention at the 341 hearing, should have alerted Orton that the schedules must be amended and the true value of the note disclosed.

In *Lafayette v. Collins* 405 BR 505 (2009 BAP 1st Cir.), the Court held that an attorney had failed to conduct a reasonable investigation into the affairs of a Chapter 7 debtor, and, if he had done so, the schedules and statement of affairs would have been accurate.

> ...Attorney Lafayette fails to recognize that he had a duty to conduct a reasonable inquiry into the underlying facts before filing the documents, and that if he had done so, many , if not all, of the inconsistencies could have been prevented.
> Based on the foregoing, the Panel concludes that there is sufficient evidence in the records to support the bankruptcy court's conclusion that Attorney Lafayette violated his §707(b)(4) and *Bankruptcy Rule 9011* obligations.

Orton had actual knowledge at the time he filed the bankruptcy petition that the schedules were false.

### C. The Court's Power to Sanction Unprofessional Conduct – N.D. California Civil Rule 11-6

In the Northern District of California, a bankruptcy court is empowered to supervise and discipline attorneys pursuant to N.D. Cal. Civ. R. 11-1 through 11-9.  Rule 11-6(a)(2) empowers the Court to "impose appropriate sanctions."

The discretionary power of a bankruptcy court in the Northern District of California was discussed in *In re Lehtinen* 564 F3d 1052 (9th Cir. 2009) .  In this case, a bankruptcy judge had suspended an attorney for three months for failing to attend court appearances and self-dealing, and ordered a disgorgement of fees. The attorney appealed, arguing that the bankruptcy judge should have referred the suspension to a standing disciplinary committee. The 9th Circuit

/ / /

/ / /

/ / /

disagreed and that the court had inherent power to sanction improper practice, and further held that the attorney's

> ...argument ignores the plain language of N.D. Ca. Civ. R. 11-6(a), which states that is procedures are discretionary. The Rule provides available measures the judge "may" take, not must take, if she has cause to believe an attorney has engaged in unprofessional conduct. *id* p. 1062

Orton conspired with the debtor to commit fraud upon the bankruptcy court and the Trustee when he deliberately mislead the Trustee at the First Meeting of Creditors. He told the Trustee that (1) the promissory note was probably uncollectible and (2) failed to correct his client's statement about the value of the promissory note when Orton knew the true value.

Orton further conspired with the debtor to commit fraud upon the bankruptcy court and the Trustee by advising the debtor not to list the promissory note or the payments the debtor had received on the schedules. He told the debtor that she only had to list the settled lawsuit on the Statement of Affairs and it was up to the Trustee to find out the information.

These type of unprofessional acts by an attorney undermine the core structure of the bankruptcy system, a system that relies on the integrity and truthfulness of the attorney as well as the debtor.

To ignore this egregious behavior by Orton would only invite other attorneys and their clients to "try" the system to see what they could hide.

**D.** **Failure to Obtain Client's Signature – N.D. California Local Rule 5005-2(c)**

According to the debtor, she never signed the Petition, Schedules or Statement of Affairs. Northern California Local Rule 5005-2©) states:

> The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition, statement of financial affairs, and schedules of assets and liabilities, shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession.

Orton failed to obtain his client's signature as required under local rules.

### E. Appropriate Sanctions Are Warranted

Numerous cases hold that when an attorney violates Bankruptcy Rule 9011 it is appropriate to require a disgorgement of all fees, plus compensatory damages to the aggrieved party; e.g., *In re Wilde Horse Enterprises Inc.* 136 B.R. 830 (Bankr.C.D. Cal 1991); *In re Deville* 361 F.3d 539 (9th Cir. 2004).

The Court has the power to order non-monetary sanctions as well, *In re Lehtinen* , *supra*. The Trustee leaves it to the sound discretion of the Court to determine the appropriate sanctions in this particular case.

### CONCLUSION

A debtor's counsel has a legal and moral obligation to his client and this Court to act with integrity and honesty. The vast majority of practitioners in the Santa Rosa Division of the Northern District diligently strive to meet this obligation. But in this case, Mr. Orton who has filed numerous bankruptcy petitions in this Court, attempted to subvert the foundation of the bankruptcy process by distorting the truth and misleading the Trustee. Mr. Orton deserves to be severely sanctioned by this Court for his acts.

Dated: April 7, 2010                             Respectfully submitted

                                                 MacConaghy & Barnier, PLC


                                                  /s/   Jean Barnier
                                                 Jean Barnier
                                                 *Attorneys for Trustee*