UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KAREN V. KANE,   No. 09-12470

Debtor(s).
_____/

Memorandum on Motion for Relief From Stay
_____

  This Chapter 7 case was opened on August 3, 2009. The debtor's discharge was entered on December 1, 2009 and the case closed on December 7, 2009. The case was reopened on February 9, 2010, and the debtor's discharge was subsequently revoked. Creditor CitiMorgtage, Inc., has now moved for relief from the automatic stay to foreclose on the debtor's real property at 17682 Carriger Rd., Sonoma, California.

  CitiMortgage argues that because the debtor's discharge has been revoked and the trustee has abandoned the property it is entitled to an order lifting the automatic stay. Ordinarily, that is so. See 11 U.S.C § 362(c)(1) and § 362(c)(2)(C). However, this case is governed by § 362(c)(2)(A), which provides that the automatic stay terminates when the case is closed. Reopening the case does not revive or reimpose the automatic stay. *In re Menk,* 241 B.R. 896, 914 (9th Cir.BAP1999) ("[T]o the extent that the automatic stay expired in conjunction with closing, it does not automatically spring back into effect. If protection is warranted after a case is reopened, then an injunction would need to be imposed."); *In re Gruetzmacher*, 145 B.R. 270, 273 (Bankr.W.D.Wis.1991); *Burke v. United States*

1

*(In re Burke)*, 198 B.R. 412, 416 (Bankr.S.D.Ga.1996); *In re Trevino*, 78 B.R. 29 (Bankr.M.D.Pa.1987). The motion is therefore unnecessary and pointless.

For the foregoing reasons, the motion will be denied as moot. Counsel for CitiMortgage may submit an appropriate form of order to that effect.

Dated: April 21, 2011

                                          Alan Jaroslovsky
                                          U.S. Bankruptcy Judge